IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

MARK HARTMAN,

        Petitioner,      :    Case No. 3:19-cv-003

  - vs -                             District Judge Walter H. Rice
                                         Magistrate Judge Michael R. Merz

OHIO ADULT PAROLE AUTHORITY,

                                :

        Respondent.

## LIMITED RECUSAL ORDER

This is a habeas corpus case brought by Petitioner under 28 U.S.C. § 2254 with the assistance of counsel and is before the Court on Respondent's Motion to Stay Pending Appeal (ECF No. 48).

This case was filed January 3, 2019, and automatically referred to the undersigned under the then-governing General Order of Assignment and Reference. That General Order referred to the assigned Magistrate Judge all matters which Magistrate Judges are authorized by statute to deal with, whether dispositive or nondispositive, pre- or post-judgment, with certain exceptions not applicable here. Under that General Order, the pending Motion to Stay is referred to the undersigned, for a report and recommendation because it is post-judgment.

The undersigned managed the case from filing through two Reports and Recommendations on the merits, the original Report of April 23, 2020 (ECF No. 22) and, on recommittal, a Supplemental Report of March 22, 2021 (ECF No. 29). The original Report recommended dismissing the Petition, but holding the unbriefed certificate of appealability question until District

1

Judge Rice had reviewed the merits (ECF No. 22, PageID 2178). The Supplemental Report recommended issuing a conditional writ with respect to the defense cross-examination of witnesses Weckesser, Potter, and Norris (part of Ground Six) and on Ground Twelve (ECF No. 29, PageID 2351).

On March 31, 2023, Judge Rice filed his Decision and Entry from which the current appeal is taken (ECF No. 45). He ordered issuance of a conditional writ of habeas corpus on Ground Six, Sub-part Two, but the Petition was otherwise dismissed. *Id.* at PageID 2650. He also granted a certificate of appealability on Ground Twelve, but otherwise denied that relief. *Id.*[1]

Respondent has timely appealed the grant of the writ on Ground Six, Sub-part Two (ECF No. 47) and moved to stay that part of the final judgment pending appeal (ECF No. 48). Petitioner's time to appeal or to move to alter or amend the judgment under Fed.R.Civ.P. 59(e) has not yet expired; he may also seek a stay of judgment pending appeal.

In deciding whether to grant a stay pending appeal to either party, the Court must weigh the following four factors:

> 1. Whether the stay applicant has made a strong showing that he is likely to succeed on the merits;
>
> 2. Whether the applicant will be irreparably injured absent a stay;
>
> 3. Whether issuance of the stay will substantially injure other parties interested in the proceeding; and
>
> 4. Where the public interest lies.

*Hilton v. Braunskill,* 481 U.S. 770, 776 (1987). Since Judge Rice adopted my recommendation on Ground Six, Part Two, weighing Respondent's likelihood of success on the merits of that claim

---

[1] In order to properly enter final judgment, Judge Rice was obliged to decide the certificate of appealability question as the same time. Rule 11, Rules Governing § 2254 Proceedings.

2

seems relatively easy. However, on Ground Twelve he rejected my recommendation, so in weighing the likelihood of success on appeal on that claim, I might reasonably be suspected to favor my own prior position rather than weighing the matter objectively.

A similar risk of systemic tension between District and Magistrate Judges has led this Court within the last year to adopt a policy recommendation of the Judicial Conference of the United States and cease referring motions to vacate under 28 U.S.C. § 2255 to Magistrate Judges. While not questioning the authority for such references under 28U.S.C. § 636(b), the Conference believes it places Magistrate Judges in the awkward position of either finding a District Judge has tolerated a constitutional violation or, conversely, bending over backward to find no constitutional error.

To avoid the appearance of lack of objectivity in deciding the issues, I hereby recuse myself from considering whether a stay pending appeal should be entered in this case. In doing so I emphasize this has nothing to do with the persons or issues involved in the case; it only concerns the possible appearance of lack of objectivity in deciding the strength of the respective cases on appeal.

April 12, 2023.

s/ *Michael R. Merz*<br>United States Magistrate Judge