# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

MARK HARTMAN,

        Petitioner,      :    Case No. 3:19-cv-003

  - vs -                                District Judge Walter H. Rice
                                        Magistrate Judge Michael R. Merz

OHIO ADULT PAROLE AUTHORITY,

                                    :

        Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Motion For Indicative Ruling On A Motion For Relief That Is Barred By A Pending Appeal Pursuant To Federal Rules Of Civil Procedure Rule 62.1 (ECF No. 61).  Respondent opposes the Motion (ECF No. 62) and the time within which Petitioner might have filed a reply memorandum in support has expired, but no reply has been filed.  See S. D. Ohio Civ. R. 7.2.

Fed.R.Civ.P. 62.1 provides:

> **(a) Relief Pending Appeal.** If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
> **(1)** defer considering the motion;
> **(2)** deny the motion; or
> **(3)** state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.
>
> **(b) Notice to the Court of Appeals.** The movant must promptly notify the circuit clerk under Federal Rule of Appellate Procedure 12.1 if the district court states that it would grant the motion or that the motion raises a substantial issue.

1

> **(c) Remand.** The district court may decide the motion if the court of appeals remands for that purpose.

This Court's final judgment in this habeas corpus case (ECF Nos. 45 and 46) has been appealed to the Sixth Circuit and is currently pending under that Court's Case No. 23-3309. Petitioner has cross-appealed under Case No. 23-3365 and both appeals remain pending.

Filing a notice of appeal divests the District Court of jurisdiction over a case and vests jurisdiction in the Circuit Court of Appeals until the district court receives the mandate of the court of appeals. *Marrese v. American Academy of Osteopathic Surgeons,* 470 U.S. 373 (1985); *Pickens v. Howes,* 549 F.3d 377, 381 (6th Cir. 2008); *Pittock v. Otis Elevator Co.*, 8 F.3d 325, 327 (6th Cir. 1993); *Lewis v. Alexander*, 987 F.2d 392, 394 (6th Cir. 1993); *Cochran v. Birkel,* 651 F.2d 1219, 1221 (6th Cir. 1981). This Court would therefore lack jurisdiction to consider a motion for relief from judgment under Fed.R.Civ.P. 60(b).

To expedite the appellate process, when a litigant files an obviously meritorious or obviously frivolous motion for relief from judgment, the Supreme Court adopted Fed.R.Civ.P. 62.1 in 2009 to allow district and appellate courts to exercise a measure of shared jurisdiction over a case on appeal.

However, the premise for exercising that shared jurisdiction is the actual filing of a motion for relief, which Petitioner has not done. Respondent assumes that such a motion would be made under Fed.R.Civ.P. 60(b) and opposes the instant Motion on that basis, but the Magistrate Judge believes the Court lacks jurisdiction to rule – even indicatively – on a motion that is only hypothetical. Indeed, to do so would raise constitutional questions. "(T)he federal courts established pursuant to Article III of the Constitution do not render advisory opinions. For

2

adjudication of constitutional issues 'concrete legal issues, presented in actual cases, not abstractions' are requisite." *Golden v. Zwickler*, 394 U.S. 103, 108 (1969), quoting *Utd. Pub. Workers of Am. (C.I.O.) v. Mitchell*, 330 U.S. 75, 89 (1947) (parentheses in original) (internal quotation marks omitted). See Correspondence of the Justices (1793), quoted at Hart & Wechsler, Federal Courts and the Federal System (1st ed.) at 75.

Accordingly, the Magistrate Judge respectfully recommends the instant Motion be denied without prejudice to its renewal if Petitioner files a motion for relief from judgment. This recommendation implies no opinion on the respective positions of the parties on the Motion.

August 29, 2024.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

3