# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

MARK HARTMAN,

               Petitioner,         :    Case No. 3:19-cv-003

  - vs -                            District Judge Walter H.  Rice
                                      Magistrate Judge Michael R. Merz

DAVE YOST, Attorney General[1],

                          :

               Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Motion for Relief from Judgment Pursuant to Rule 60(b)(5) and (6) and Renewed Motion for Indicative Ruling Pursuant to Fed.R.Civ.P. 62.1 (ECF No. 66).  Respondent opposes the Motion (ECF No. 68) and Petitioner has filed a Reply in support (ECF No. 71).

A motion for relief from judgment is dispositive within the meaning of Fed.R.Civ.P. 72(b) and 28 U.S.C. § 636(b)(1)(B).  Therefore this analysis is in the form of a report and recommendations.

**Litigation History**

On March 31, 2023, District Judge Walter H. Rice directed the entry of judgment in this case in favor of Petitioner and against Respondent on Ground For Relief Six, sub-issue two, and

---

[1] The Sixth Circuit has substituted Attorney General Yost for the Ohio Adult Parole Authority as Respondent herein. The caption is accordingly amended.

in favor of Respondent and against Petitioner on all other issues.  The result of the Judgment was to be issuance of a conditional writ of habeas corpus in favor of Petitioner unless he was re-tried and convicted at a new trial to be held within 180 days of the issuance of the writ (Decision and Entry, ECF No. 45, PageID 2650).  Both parties appealed (ECF Nos. 47, 52); Respondent's appeal has been assigned Case No. 23-3309 (ECF No. 50); Petitioner's has been assigned Case No. 23-3365 (ECF No. 54).  So far as this Court has been advised, both appeals remain pending.

On July 31, 2024, Petitioner filed in this Court his first Motion for Indicative Ruling (ECF No. 61).  The undersigned recommended denying that Motion for lack of jurisdiction because Petitioner had not actually filed a motion for relief from judgment, the necessary predicate for this Court's exercise of shared jurisdiction with the circuit court (Report and Recommendations, ECF No. 63, PageID 2724).  In lieu of objections under Fed.R.Civ.P. 72, Petitioner filed the instant Motion on October 12, 2024 (ECF No. 66).  With the filing of Petitioner's Reply Memorandum in Support, it became ripe for decision on December 7, 2024.

## Analysis

Fed.R.Civ.P. 60(b)(5) and (6) read

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.**
>
> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> **(5)** the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> **(6)** any other reason that justifies relief.

2

Fed.R.Civ.P. 62.1 provides:

> **(a) Relief Pending Appeal.**
>
> If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
>
> **(1)** defer considering the motion;
> **(2)** deny the motion; or
> **(3)** state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.
>
> **(b) Notice to the Court of Appeals.** The movant must promptly notify the circuit clerk under Federal Rule of Appellate Procedure 12.1 if the district court states that it would grant the motion or that the motion raises a substantial issue.
>
> **(b) Remand.** The district court may decide the motion if the court of appeals remands for that purpose.

## Alternative Grounds for Relief

Petitioner seeks relief under both Fed.R.Civ.P. 60(b)(5) and (6). The undersigned concludes that Rule 60(b)(5) does not apply to situations such as that presented here. Petitioner argues he will suffer lifelong adverse consequences from this Court's judgment: obligations to register as a sex offender, limitations on travel, etc. But those consequences do not flow from this Court's judgment, but rather from the judgment of conviction in the Montgomery County Common Pleas Court. If Petitioner is successful on his pending appeal, this Court will issue a conditional writ and Petitioner will be free of those consequences unless he is reconvicted. But Fed.R.Civ.P. 60(b)(5) is not fashioned to authorize this Court to short circuit the appellate process.

The remainder of this Report, then, will analyze Petitioner's claim only under Fed.R.Civ.P.

60(b)(6).

**Timeliness**

Fed.R.Civ.P. 62.1 confers jurisdiction only to consider "timely" motions under Fed.R.Civ.P. 60(b). Judgment was entered in this case March 31, 2023, and the instant Motion for Relief from Judgment was filed October 12, 2024, more than eighteen months later[2]. The Motion is premised on the Supreme Court's decision in *Smith v. Arizona*, 602 U.S. 779 (June 21, 2024). The usual time limit for motions for relief under Fed.R.Civ.P. 60 is a year, but Petitioner's premise for relief – the decision in *Smith* -- did not occur until the end of the Supreme Court's 2023 term. Respondent does not assert the Motion is untimely. The Court should find that it was filed within a reasonable time within the meaning of Fed.R.Civ.P. 60(c)(1).

**Second or Successive**

Respondent does assert that the Motion constitutes a second or successive habeas corpus petition over which this Court does not have subject matter jurisdiction absent prior approval of the circuit court of appeals as provided in 28 U.S.C. § 2244(b).

Filings in habeas corpus cases seeking a ruling on the merits of a constitutional claim do not have to be labeled "Petition" or "Second or Successive" to be barred by the AEDPA. In *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the Supreme Court held that a Rule 60(b) motion presents a "claim" if it seeks to add a new ground for relief from the state conviction or attacks the federal court's

---

[2] Petitioner's first Motion for an Indicative Ruling was filed July 31, 2024 (ECF No. 61), but rejected because it did not accompany an actual motion for relief from judgment (ECF No. 63).

previous resolution of a claim on the merits, though not if it merely attacks a defect in the federal court proceedings' "integrity". *Gonzalez* involved an attack on the district court's prior statute of limitations analysis on the basis of later Supreme Court law, *Artuz v. Bennett,* 531 U.S. 4 (2000). The Court held this was a proper use of Rule 60(b) and the district court could reach the 60(b) motion on the merits without precertification by the court of appeals.  It also held movants under 60(b)(6) must show "extraordinary circumstances" which will rarely occur in the habeas context and which are not presented by a change of law.

In *Gonzalez* the 60(b) attack was on a procedural ruling – application of the statute of limitations.  The instant Motion attacks instead this Court's rulings on the substantive claims in Grounds for Relief Seven and Eight which read:

> **Ground Seven**: The admission of Mark Squibb's testimony in violation of *Crawford v. Washington,* 541 U.S. 36 (2004) violates Hartman's Sixth Amendment right to Confrontation.
>
> **Ground Eight**: Trial counsel's failure to object to Mark Squibb's testimony, introduced in violation of *Crawford v. Washington*, 541 U.S. 36 (2004), violated Hartman's Sixth Amendment right to the effective assistance of counsel and requires habeas relief.

(Petition, ECF No. 1, PageID 2-3).

In deciding Ground Seven, Judge Rice held that it was procedurally defaulted for lack of a contemporaneous objection, that the Confrontation Clause violation did not constitute structural error, and that the error was harmless (Decision and Entry, ECF No. 45, PageID 2614-21).  He ordered Ground Seven dismissed on the merits. *Id.*  He also dismissed Ground Eight on the merits. *Id.* at PageID 2621-23.

Petitioner now argues this analysis is incorrect based on *Smith, supra*.  As noted above, *Gonzalez* holds a change in the law is not an extraordinary circumstance warranting relief from

judgment. When a habeas court reviews the decision of a state court on a constitutional issue, the question is whether that decision was contrary to or an objectively unreasonable application of Supreme Court precedent. 28 U.S.C. § 2254(d)(1). But the relevant precedent is Supreme Court case law at the time the state court acted. "Identifying clearly established federal law is . . . the 'threshold question' under AEDPA." *Dewald v. Wrigglesworth*, 748 F.3d 295, 299 (6th Cir. 2014)(quoting *Williams v. Taylor*, 529 U.S. 362, 390 (2000)). In determining what constitutes clearly established federal law, "we must consult 'the holdings, as opposed to the dicta, of [the Supreme] Courts' decisions **as of the time** of the relevant state-court decision.'" *Id. (emphasis supplied)*, quoting *Carey v. Musladin*, 549 U.S. 70, 74 (2006). *Ruimveld v. Birkett*, 404 F.3d 1006, 1010 (6th Cir.2005). *Smith v. Arizona* was not "clearly established law" at the time the Ohio Second District Court of Appeals decided Petitioner's case on May 6, 2016; it did not become "clearly established law" until June 24, 2024, more than eight years later.

The bar to District Court decisions of second or successive petitions is jurisdictional. That is to say, a decision on a second or successive claim by a District Court would be void for lack of jurisdiction. Both the Supreme Court and this court describe § 2244(b) as jurisdictional. *Avery v. United States*, 770 Fed. Appx. 741 (6th Cir. 2019), citing *Panetti v. Quarterman*, 551 U.S. 930, 942 (2007); *Burton v. Stewart*, 549 U.S. 147, 149 (2007); *Post v. Bradshaw,* 422 F.3d 419, 425 (6th Cir. 2005).

Although Fed.R.Civ.P. 62.1 purports to authorize a District Court to deny a Rule 60(b) motion filed during the pendency of an appeal, the Federal Rules of Civil Procedure cannot confer subject matter jurisdiction. Fed.R.Civ.P. 82. Therefore this Court cannot decide the pending Motion for Relief, absent permission from the Sixth Circuit which Petitioner has not shown, but is limited to an indicative ruling.

**Recommended Indicative Ruling**

Because the Ohio Second District Court of Appeals ruling on Petitioner's Confrontation Clause claim and related ineffective assistance of trial counsel claim were not objectively unreasonable applications of clearly established Supreme Court law as of the date they were made (May 6, 2016), this Court should indicate to the Sixth Circuit that it would deny Petitioner's Motion for Relief from Judgment if authorized to decide that Motion.

January 24, 2025.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.