## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

MARK HARTMAN,

                Petitioner,         :     Case No. 3:19-cv-003

   - vs -                       District Judge Walter H.  Rice
                                       Magistrate Judge Michael R. Merz

DAVE YOST, Attorney General,

                             :

                Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Motion for Relief from Judgment Pursuant to Rule 60(b)(5) and (6) and Renewed Motion for Indicative Ruling Pursuant to Fed.R.Civ.P. 62.1 (ECF No. 66).  The undersigned filed a Report and Recommendations recommending the Court "indicate to the Sixth Circuit that it would deny Petitioner's Motion for Relief from Judgment if authorized to decide that Motion." (Report, ECF No. 72).  Petitioner has objected to that Report (Objections, ECF No. 73) and District Judge Rice has recommitted the case to the undersigned for reconsideration in light of the Objections (ECF No. 74).  Respondent's time to reply to the Objections has expired, rendering the Objections ripe for consideration.

**First Objection:  Asserted Lack of Magistrate Judge Authority to Consider the Motion**

Petitioner's first Objection is that the undersigned lacked authority to file a recommended decision on the Motion for lack of an order of reference.

This case was filed January 3, 2019 (Petition, ECF No. 1).  At the time, the relevant General Order was Dayton General Order 13-01[1] which provided in pertinent part:  "6. Post-Conviction Relief: All cases collaterally attacking a criminal judgment, including without limitation those filed under 28 U.S.C. §§2241, 2254, or 2255. All such cases shall be assigned and are referred by this Order to Magistrate Judge Merz."  The General Order refers "cases," not individual motions or matters within cases.  It has been the practice in this Court since before the undersigned was appointed in November, 1984, to refer cases or categories of cases, rather than to require separate orders of reference for individual matters.

On August 4, 2021, General Order DAY 1-01 was superseded by General Order DAY 21-01 which nonetheless contained the following language:  "All cases collaterally attacking a criminal judgment, including without limitation those filed under 28 U.S.C. §§2241, 2254, or 2255, shall be assigned and are hereby referred to recalled Magistrate Judge Michael R. Merz."

In early 2022, the Court adopted a new plan for use of Magistrate Judges in the District. As relevantly embodied in Amended General Order 22-05, that plan provides

> Habeas Corpus Cases: All non-capital cases filed on or after February 1, 2022, and seeking relief under 28 U.S.C. § 2241 or § 2254 shall be assigned to a District Judge resident at the seat of court where the case is filed and randomly assigned to one of the District's full-time Magistrate Judges or to recalled Magistrate Judge Michael R. Merz. Each such case is hereby referred to the assigned Magistrate Judge for all purposes including deciding any matters classified by law as non-dispositive and filing a report and recommendation on all matters classified by law as dispositive.

In accordance with this General Order, General Order DAY 22-01 was adopted and provides "cases arising under 28 U.S.C. § 2254 or 2241 shall be assigned randomly to one of the full-time

---

[1] The relevant General Orders may be found on the Court's website at www.ohsd.uscourts.gov/content/general-orders-ohio-southern-district.

Magistrate Judges in the District or recalled Magistrate Judge Michael R. Merz."  The various

amendments did not purport to affect any reference already made.  For example, General Order

DAY 22-10 provides "Effective Date:  This General Order is effective as of February 1, 2022,

replacing Amended General Order DAY 21-01, and does not change any order of reference entered

prior to its filing or act as an order of reference in any case filed before its effective date."  Each

of the General Orders authorizes the assigned Magistrate Judge to perform in any referred case

any act authorized by statute to be performed by full time Magistrate Judges.   Each Order also

reserves authority to the assigned District Judge to withdraw the reference, but that has not

happened in this case.

Petitioner argues that Fed.R.Civ.P. 72(b) does not apply to habeas corpus proceedings

because there exist separate Rules Governing § 2254 Proceedings (Objections, ECF No. 73,

PageID 2767).  He cites no authority for this reading of the Habeas Rules and none is known to

the undersigned.  Habeas Rule 10 expressly provides that "A magistrate judge may perform the

duties of a district judge under these rules, as authorized under 28 U.S.C. § 636."  Habeas Rule 12

provides the Rules of Civil Procedure may be applied to habeas proceedings to the extent not

inconsistent with statute or the Habeas Rules, but no such inconsistency has been shown here.

While it is appropriate to question a judicial officer's authority to act in a particular matter,

both Petitioner's counsel should know from long experience that the undersigned's approach to

the instant Motion is completely consistent with uniform practice in this Court for many years.

Petitioner's First Objection should be overruled.

**Second Objection:  Improper Analysis Under Fed.R.Civ.P. 60(b)(5) and (6)**

Petitioner seeks relief from judgment under both Fed.R.Civ.P. 60(b)(5) and 60(b)(6).

Those Rules read:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.**
>
> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . .
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

**Rule 60(b)(5)**

The Report reasoned that Rule 60(b)(5) was inapplicable because it is not the judgment of this Court which imposes on Petitioner the "lifelong adverse" consequences of which he complains -- obligations to register as a sex offender, limitations on travel, etc. – but the judgment of conviction of the Montgomery County Court of Common Pleas.  This Court has decided that judgment should be set aside (Judgment, ECF No. 45).  Respondent has appealed (ECF No. 47) and this Court has stayed its judgment pending appeal (ECF No. 57).

The Report recommends denying the Rule 60(b)(5) portion of the pending Motion because "60(b)(5) is not fashioned to authorize this Court to short circuit the appellate process."  (ECF No. 72, PageID 2760).  Petitioner objects:

> The Magistrate Judge errs when he says that the state court is **solely** responsible for the consequences at issue. Federal review is an

4

aspect of the protection state defendants receive under the United
States Constitution. The federal courts do not wash their hands of
responsibility because a state court makes the first mistake. The
consequences of upholding a mistaken state court decision on
federal constitutional grounds fall squarely under the terms of FRCP
Rule 60(b)(5).

(ECF No. 73, PageID 2770).

The Objection grossly oversimplifies when it claims the Report blames the Common Pleas

Court as "solely" responsible for the adverse consequences Petitioner suffers from conviction.

Instead, the Report identified the consequences of which Petitioner complains as flowing directly

from the judgment of conviction.  This Court has not "wash[ed] its hands of responsibility because

a state court ma[de] the first mistake.  Instead this Court has identified constitutional error infecting

the state court judgment and ordered it be set aside.  But Respondent was entitled to appeal and

Fed.R.Civ.P. 60(b)(5) should not be used to short circuit that appeal right.

**Rule 60(b)(6)**

The bulk of Petitioner's Objections are focused on the Report's analysis under Rule

60(b)(6).

The instant Motion attacks this Court's rulings on the substantive claims in Grounds for

Relief Seven and Eight which read:

> **Ground Seven**: The admission of Mark Squibb's testimony in
> violation of *Crawford v. Washington,* 541 U.S. 36 (2004) violates
> Hartman's Sixth Amendment right to Confrontation.
>
> **Ground Eight**: Trial counsel's failure to object to Mark Squibb's
> testimony, introduced in violation of *Crawford v. Washington*, 541

> U.S. 36 (2004), violated Hartman's Sixth Amendment right to the
> effective assistance of counsel and requires habeas relief.

(Petition, ECF No. 1, PageID 2-3).

In deciding Ground Seven, Judge Rice held that it was procedurally defaulted for lack of a contemporaneous objection, that the Confrontation Clause violation did not constitute structural error, and that the error was harmless (Decision and Entry, ECF No. 45, PageID 2614-21). He ordered Ground Seven dismissed on the merits. *Id*. He also dismissed Ground Eight on the merits. *Id*. at PageID 2621-23.  Petitioner asserts these rulings are in error because of the decision in *Smith v. Arizona*, 602 U.S. 779 (June 21, 2024), applying *Crawford v. Washington,* 541 U.S. 36 (2004), to exclude an absent witness's out-of-court and uncrossexamined statements when recited as the foundation for in-court expert testimony.

First of all, *Smith v. Arizona* does not provide a basis for overturning Judge Rice's rulings on Grounds Seven and Eight because it does not speak at all to the procedural default question.

Secondly, as pointed out in the Report, *Smith v. Arizona* was decided more than eight years after the Second District's decision on Petitioner's Confrontation Clause claim (June 24, 2024, versus May 6, 2016).  Under 28 U.S.C. § 2254(d)(1), a habeas court must decide whether a state court decision was an objectively reasonable application of Supreme Court precedent at the time of the state court decision.  Petitioner's Objections do not address this timing problem at all.  To put it another way, whether or not Petitioner is entitled to habeas relief for a Confrontation Clause violation at trial turns on what the law was when the Second District reviewed that claim in May 2016 and not on what the Supreme Court decided in June 2024.

**Conclusion**

Based on the foregoing analysis, the Court should indicate to the Sixth Circuit that it would

deny Petitioner's Motion for Relief from Judgment if the case were remanded to us. Because the

Sixth Circuit has already decided the scope of appealability, there is no need for a further ruling

from this Court on that issue.

February 28, 2025.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the
proposed findings and recommendations within fourteen days after being served with this Report
and Recommendations. Such objections shall specify the portions of the Report objected to and
shall be accompanied by a memorandum of law in support of the objections. A party may respond
to another party's objections within fourteen days after being served with a copy thereof.  Failure
to make objections in accordance with this procedure may forfeit rights on appeal. #