# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

MARK HARTMAN,

               Petitioner,         :    Case No. 3:19-cv-003

  - vs -                         District Judge Walter H.  Rice
                                   Magistrate Judge Michael R. Merz

DAVE YOST, Attorney General,
                               :

               Respondent.

# SECOND SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Motion for Relief from Judgment Pursuant to Rule 60(b)(5) and (6) and Renewed Motion for Indicative Ruling Pursuant to Fed.R.Civ.P. 62.1 (ECF No. 66).  The undersigned has filed a Report and Recommendations (ECF No. 72) and a Supplemental Report (ECF No. 75), both reaching the conclusion that the Court should "indicate to the Sixth Circuit that it would deny Petitioner's Motion for Relief from Judgment if authorized to decide that Motion."  Petitioner's Objections to the Supplemental Report (ECF No. 76) have occasioned a further recommittal from District Judge Rice (ECF No. 77).

The current Objections are in three parts, the second and third of which objected to the undersigned's analysis of this case under Fed.R.Civ.P. 60(b)(5) and 60(b)(6).  The undersigned does not believe those issues require further analysis and will stand on the analysis provided in the Report and the Supplemental Report.

However, in the first part of the Objections, Petitioner challenges the jurisdiction of the undersigned to deal with this case at all.  They note that Amended General Order 22-05, to which

1

the undersigned referred as providing authority for handling this case, is captioned "In Re: Assignment and Reference of **Prisoner** Cases to Magistrate Judges in the Southern District of Ohio." They also note that the following paragraph, describing the context in which Amended General Order 22-05 was adopted, reads in part "This General Order is entered to implement those recommendations [viz. the recommendations of the Court's Magistrate Judge Workload Committee] as they pertain to cases filed by **imprisoned** litigants." They note further that Petitioner has not been "imprisoned" since before this case was filed, having served the full prison term imposed on him but remaining in sufficient custody to invoke the habeas remedy.

First of all, as noted in the Supplemental Report, this case was referred to the undersigned pursuant to General Order DAY 13-01, the relevant General Order when the case was filed, which does not refer "prisoner cases," but rather "collateral attacks on criminal judgments". That same operative language was repeated in General Order DAY 21-01. General Order 22-05 in neither its original nor amended form purported to vacate or revoke any order of reference previously made.

Secondly, Petitioner reads too much into the caption of General Order 22-05 and its description of the context in which it was adopted. The relevant operative language in both the original and amended general orders reads:

> **Habeas Corpus Cases:** All non-capital cases filed on or after February 1, 2022, and seeking relief under 28 U.S.C. § 2241 or § 2254 shall be assigned to a District Judge resident at the seat of court where the case is filed and randomly assigned to one of the District's full-time Magistrate Judges or to recalled Magistrate Judge Michael R. Merz. Each such case is hereby referred to the assigned Magistrate Judge for all purposes including deciding any matters classified by law as non-dispositive and filing a report and recommendation on all matters classified by law as dispositive.

Counsel's reading of these two General Orders evinces a reliance on the so-called "plain

2

meaning" rule.  That is, if the caption reads "prisoner" cases, it must apply only to cases of the imprisoned. But the plain meaning rule is seldom a reliable guide to sound statutory or rule construction.  See Merz, The Meaninglessness of the Plain Meaning Rule, 4 Univ. Dayton Law Rev. 31 (1979).  Rather, in interpreting statutes or general rules like General Order 22-05:

> 1. Decide what purpose ought to be attributed to the statute and to any subordinate provision of it which may be involved; and then
> 2. Interpret the words of the statute immediately in question so as to carry out the purpose as best it can, making sure, however, that it does not give the words either (a) a meaning they will not bear, or (b) a meaning which would violate any established policy of clear statement.

Hart and Sacks, THE LEGAL PROCESS (Eskridge & Frickey ed. 1994), p. 1169.  "It is one of the surest indexes of a mature and developed jurisprudence not to make a fortress out of the dictionary; but to remember that statutes always have some purpose or object to accomplish, whose sympathetic and imaginative discovery is the surest guide to their meeting." *Cabell v. Markham*, 148 F.2d 737, 739 (2nd Cir. 1945)(L. Hand, J.) A court should reject an interpretation which is "plainly at variance with the policy of the legislation as a whole." *Lewis v. ACB Business Services, Inc.*, 135 F.3d 389, 399, (6th Cir. 1998)(Boggs, J.) quoting *United States v. American Truckings Ass'ns,* 310 U.S. 534, 543, 60 S. Ct. 1059, 1064, 84 L. Ed. 1345 (1940).  Retired Justice Stephen Beyer suggests the same approach to interpreting the Constitution in Reading the Constitution: why I Chose Pragmatism, *Not* Textualism.

Having participated in the deliberations which led to adoption of General Order 22-05, the Court is aware it was not intended to revoke or vacate any order of reference then extant.  The Court should reject Petitioner's argument to the contrary.

March 24, 2025.

s/ *Michael R. Merz*
United States Magistrate Judge


## NOTICE REGARDING OBJECTIONS


Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. #